**Kristen G. Marttila**
kgmarttila@locklaw.com
Phone: 612.339.6900

**LOCKRIDGE GRINDAL NAUEN**
P.L.L.P.

Attorneys at Law

www.locklaw.com

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

October 12, 2020

**VIA E-FILING**
Hon. Michael J. Davis
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *Minnesota Voters Alliance, et al. v. City of Minneapolis*,
             Civ. No. 20-CV-02049 (MJD/TNL)

Dear Judge Davis:

    I write on behalf of Defendant City of Minneapolis to alert the Court to recently issued supplemental legal authority that is relevant to several issues raised in the above-captioned matter. The case, *Carson, et al. v. Simon.*, Case No. 0:20-cv-02030 (NEB/TNL) (D. Minn. Oct. 11, 2020) was entered yesterday, two days after the City filed its opposition to Plaintiffs' motion for a temporary restraining order enjoining it from using a grant from a nonpartisan civic-engagement nonprofit to cover election-administration expenses during an ongoing pandemic. At the time of this letter, *Carson* had not yet been published on Westlaw; therefore I attach a copy for ease of reference.

    Had *Carson* been issued before the City filed its opposition to Plaintiff's motion, the City would have cited *Carson*'s persuasive authority on the following subjects:

- Explaining that Plaintiffs' allegations that the counting of ballots received after Election Day, pursuant to a consent decree entered in a state-court Equal Protection challenge by voters who feared they would be disenfranchised by mail delays, did not support a finding of injury-in-fact on a theory of vote dilution. *See id.* at 21-24 (plaintiffs "have not explained, for instance, why the principles underlying standing in racial gerrymandering cases (where a state legislature or redistricting committee takes affirmative action that dilutes or restricts the votes of a specific minority population) should extend

553641.1

Hon. Michael J. Davis
October 12, 2020
Page 2

to the present case, where the official action (entry of the Consent Decree Order) expands voting rights for all.").

- Acknowledging the principle articulated in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) that district courts should be wary of changing the rules of elections near Election Day," and recognizing that the requested injunction "may well violate Purcell. *Id*. at 26 n.14.

- Describing the failure to plausibly allege future injury relating the election outcome because such injuries were necessarily "conjectural and hypothetical." *Id*. at 33-34 and nn. 19-20.

- Declining to consider the *Dataphase* factors because plaintiffs lacked Article III standing. *Id*. at 37-38.

Pursuant to Local Rule 7.1, I have obtained permission from chambers to file this letter drawing the Court's attention to this new judicial decision. Thank you for your consideration.

Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

**/s/ Kristen G. Marttila**

Kristen G. Marttila

Enclosure
KGM/seg